# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TONY BYLER
ADC #134257                                                                                    PETITIONER

VS.                              5:10CV00012 SWW/JTR

DAVID GUNTHARP, Director
Arkansas Department of
Community Correction                                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Weber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is Respondent's Motion to Dismiss (docket entry #9) this § 2254 habeas action. Before addressing the merits of Respondent's Motion, the Court will briefly review the pertinent procedural history giving rise to Petitioner's

habeas claim.

On September 9, 2005, Petitioner, Tony Byler ("Byler"), was convicted in Washington County Circuit Court of a number of felonies. (Docket entry #10-2 at 1). He received an aggregate nine-year sentence in the ADC. *Id.* On October 13, 2009, Byler was paroled from the ADC. (Docket entry #10-2 at 2).

On November 18, 2009, Byler was served with a parole violator warrant that alleged several parole violations. (Docket entry #10-2, #10-3, and #10-5). On November 18, 2009, he executed a form titled "Waiver of Parole Revocation Hearing — TVP [Technical Violator Program] Alternative." In this form, Byler waived his right to a revocation hearing and consented to being remanded to the custody of the Department of Community Correction ("DCC") Technical Violator Center. (Docket entry #10-4). He also consented to remain in the center "for at least 60 days or until completion of the [TVP] program." *Id.*

On December 18, 2009, Byler executed a form titled "[DCC] Request and Consent for Treatment." (Docker entry #10-6). In this form, he agreed to participate in the "DCC Omega Program" for substance abuse. *Id.*

On January 14, 2010, Byler initiated this § 2254 habeas action. (Docket entry #2). In his Petition, he argues that he waived his right to a revocation hearing based upon a representation from his parole officer that he would spend no more than sixty

days in drug treatment. According to Byler, he is being held "beyond the 60 day requirement for technical violators which is a direct violation" of his due process rights. (Docket entry #2 at 2). Byler requests that he be released from the DCC Technical Violator Program and reinstated to parole. (Docket entry #2 at 5).

In his Motion to Dismiss (docket entry #10), Respondent argues that Byler's claim has no merit, and that it has been mooted by his parole.[1] For the reasons discussed below, the Court recommends that Respondent's Motion to Dismiss be granted.

## II. Discussion

The Court cannot consider Byler's habeas claim because the record reflects that it was mooted before the issues were joined. In his Motion to Dismiss, filed on April 20, 2010, Respondent points out that Byler was paroled and released from the DCC Omega Technical Violator Center on April 5, 2010. (Docket entry #10-10). This mooted Byler's claim that he was entitled to habeas relief.[2] Thus, the Court

---

[1]On April 23, 2010, the Court entered an Order directing Byler to file a Response to the Motion to Dismiss. (Docket entry #11). On May 5, 2010, the Court's Order was returned as "undeliverable" because Byler was no longer at his DCC address of record. (Docket entry #13).

[2]On its face, Byler's habeas claim is without merit. In waiving his right to a parole revocation hearing and consenting to placement in the DCC Technical Violator Program, Byler expressly acknowledged that he would "remain in the program *for at least 60 days or until completion* of the program." (Docket entry #10-4) (emphasis

recommends that Respondent's Motion to Dismiss be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #9) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 1st day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

added). Furthermore, as pointed out by Respondent, Byler's stay in the program was lengthened by numerous disciplinary violations for his non-compliance with program rules. (Docket entry #10-8).